Ms. Shannon LaFerney 621 W. 35th Street North Little Rock, Arkansas 72118
Dear Ms. LaFerney:
This is in response to your request, pursuant to A.C.A.25-19-105(c)(3)(B) (Cum. Supp. 1993), for an opinion as to whether the Department of Human Service's decision to release your Personnel Performance Evaluation Scores ("PPES") for the last five years, pursuant to a request therefor, is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 to -107. Specifically, you indicate that you are currently an employee at the Arkansas State Hospital, holding the position of Licensed Psychiatric Technical Nurse I ("LPTN I"). Another employee of the Arkansas State Hospital, an LPTN II, has requested your PPES records under the FOIA. The custodian of the records is of the opinion that "all personnel information, with exceptions, are open to public inspection under the Freedom of Information Act."
To the extent that this statement by the custodian of the records is a decision to release the requested records, it is my opinion that the decision is contrary to the FOIA. It is true that "personnel records" under the FOIA are "public records" and are only exempt from disclosure to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105 (b)(10) (Cum. Supp. 1993). The records at issue, however, in my opinion, are not "personnel records" for purposes of the FOIA, but are rather "employee evaluation or job performance records" which are governed by 25-19-105(c)(1). This provision provides for disclosure of such records "only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." It is my assumption, from a review of your letter, that you have been neither suspended or terminated. If this is a correct assumption, then the requested records are not subject to disclosure under the FOIA.
It is therefore my opinion that the custodian's decision is contrary to the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General